No. **1036·15**

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

PETITION FOR DISCRETIONARY REVIEW

OF THE

COURT OF APPEALS FIFTH DISTRICT OF

TEXAS AT DALLAS

NO. 05-15-00665-CR

GARY EUGENE SIMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

ON APPEAL FROM THE 282nd JUDICIAL

DISTRICT COURT DALLAS COUNTY TEXAS

TRIAL COURT CAUSE NO. F-0045450-S

FILED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

TABLE OF CONTENTS

INDEX OF AUTHORITIES

STATEMENT OF THE CASE ......... 1

NATURE OF THE CASE . . . . . 1

ARGUMENT . . . . . . . . . 2

ERRORS OF Court of Appeals

Error (1). The court of appeals was in abuse
of Discretion by Dismins appeal for
want of Jurisdiction. _ _ _ _ _ _ 34-5

Error (2). The Court of appeals was in abuse of
Discretion. By ruling that Appeal was untimely.. 6

TRIAL COURT ERRORS

Error (1). Trial court abuse it Discretion in not
Holding Evidentiary Hearing: _ _ _ 7

Error (2). State Procedural Rule is Void: _ _ 8

Error (3). Denial of Appointment of counsel:_.9

Error (4). The Fifth Amendment Right to be Heard__10

Error (5). The Sixth Amendment Right Confr. _ _.10

Error (6). Entitlement To Discovery: _ _ 10

"REHEARING EN BANC. WAS DENIED ON. June.29.2015:

# CASES . INDEX OF AUTHORITIES . PAGE

Thomas V. State 225 , SW 3d 513 (Tex. Crim. App. 2007)__2

Ex parte villanueva ,252, SW 3d 391 (Tex. Crim. App. 2008)___ 3

Ex parte, Hargett 819 sw2d 866 (Tex. Crim. App. 1991)___ 4

Ex parte, Renier, 734 sw2d 349 (Tex. Crim. App. 1987)__4

Ex parte crosley, 548 sw2d 409 (Tex. crim. App. 1977)_ 5

Mayes V. State 538 sw2d 637 (Tex. Crim. App. 1976)___ 5

Townsend V. Sain , 372 U. S. 293 (1963)___ 5

Schlup (115 S. Ct. 851)___ 7

Hall V. Quarterman , 534, F3d 365 (5th cir. 2008 __7

Kuhlmann V. Wilson, 477, U.S. 436 (1986)__7

Blackman V. Scott 22, F3d 560 (5th cir. 1994)__7

Townsend V. Sain, 372 U.S. 293 (1963)__7

williams V. Taylor, 529 U.S. 362 (2000)__ 8

Valdez V. Cockrell, 274 F3d 941 (5th cir. 2001)_8

Townsend V. Sain, 372 U.S. 293, (1963)___ 8

Patterson V. Illinois, 487, U.S. 285 (1998)_ 9

Trevino V. State 565 sw2d 938 (Tex. Crim. App.__ 9

Strkland V. washington, 466 U.S. 668 (1984)_9

Richardson V. wright, 405 U.S. 208 (1972)__ 10

Godbera V. Kelly, 397 U.S 254 (1970)__ 10

Davis V. Alaska 415 U.S. 308 (1974)__ 10

ward V. whitley, 21, F3d, 1355, 6 (5th crim. 994)_10

## STATUTES AND CONSTITUTIONS

TEX. CONST. art. VI section. 8 ___ 4,5

Art. 44.02 _ _ _ _ _ _ 5

U. S. CONST. Amend. 6, 14, 5 ___ 7

U. S. CONST. Amend. 6 _ _ _ _ _ 9

U. S. CONST. Amend. 5 & 6 _ _ _ 10

Art. 1, sect. 10 _ _ _ _ _ _ 9

RULES

TEX. R. APP. P. 44.4;(9)(1)(2) _ _ _ _ _ 1-3-5

TEX. R. APP. P. 26.1.(a) _ _ _ _ _ _ 6

TO THE HONORABL COURT OF CRIMINAL APPEALS OF TEXAS :

Now comes The Defendant GARY EUGENE SIMS In This Petition For Discretionary Review of The Judgment of the Fifth court of Appeals Dallas county, Texas, which on June,29,2015 Dismissed Appeal for want of Jurisdiction.

## STATEMENT OF THE CASE

A Jury convicted defendant of aggravated sexual assault and assessed punishment at Confinement for life. (RR7; 102-103).

## NATURE OF THE CASE

The dendant so objection under Texas Rule of Appellate Procedre, 44.4; (a)(i)(2); That state's Remediable Error of the Trial court (a) Generally A court of appeals must not affirmed or reversed Judgment or dismiss an appeal "If"; (i) The trial court's erroneous action or refusal to act prevents the Proper presentation of a case to the court of appeals; and (2) The trial court can correct its action or failure to act. (b); court of appeals direction if error remediable, if the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.

# ARGUMENT

The court of appeals will then proceed as if the erroneous action or failure to act had not occurred." See Thomas v. State 225 SW3d 513 (Tex. Crim. App. 2007) "Under this Rule, if a trial court's error prevents the Proper Presentation of the case to the appellate court and that error can be remedied without requiring an entire new trial. Then the appellate court must direct the trial court to remedy the error so that the appellate court will be in a position to evaluate the appeal properly. we have applied this rule to a trial court's refusal to permit a defendant to make an offer of proof. a trial court's failure to conduct a proper Batson hearing. and a trial court's failure to make findings fact that it was required by law to make. Rule 44.4, by contrast, is designed to effect the creation of a new record, when a trial court has erroneously withheld information necessary to evaluate a defendants claim on appeal (e.g. failure to file required findings of fact) or has prevented the defendant from

2

Submitting information necessary to evaluate his claim (e. g. Refusing to permit an offer of proof), the appellate court is [directed] to step in and order the trial court to correct the situation". The Key to Rule 44.4, is that there must be an error that the appellate court can so correct. And if the error in question is subject to the usual rules of procedural default, then it must have been preserred by objection.

## ERRORS OF COURT OF APPEALS

(1). The Court of appeals was in a abuse of Discretion by dismins the appeal for want of Jurisdiction.

The court of appeals abuse it's discretion in so dismins said appeal for want of Jurisdiction. Defendant appeals was Pursuant to, <u>Texas Rules of Appellate Procedure, Rule, 33.1(a)(1); And 44.4(a)(1)(a)</u>. Jurisdiction; see <u>"Ex parte, Villanueva, 252, Sw3d, 391 (Tex. Crim. App. 2008)</u>, Applicant sought writ of habeas Corpus. The, 398th District Court, Hidalgo County sumarily denied the said application, as being frivolous. Applicant appealed. The Corpus Christi Edimburg court of appeals, dismissed the

3

appeal, based on lack of jurisdiction. The Discretionary review was Granted. Holding: The court of criminal Appeals, Keasler, J. held that an order of a district court summarily denying, as frivolous, an application for writ of Habeas corpus seeking relief from an order or judgment of conviction ordering community supervision _in a felony or mis-_ demeanor is Appealable. see 252 sw3d 391, Id. 94; Article, I, section, 12, To the Teas constitution commands; "writ of Habeas corpus is a writ of right, and shall never be suspended." It further directs the Legislature to "enact laws to render the remedy speedy and effectual" "_Article, V, section, 8, to the Texas constitution_" confers "district court with "exclusive, appellate and original jurisdiction of all _actions, Proceedings, and remedies_". Also see _Ex parte Hargett 819 sw2d 866 (Tex._ _Crim. App. 1991)_, In Hargett this Honorable court of criminal Appeals stated in a case where a Judge refuses to issue the requested writ of habeas corpus or denies an "_applicant the requested_ _Hearing on the merits of his claim_." Nevertheless appeal can be had from a district court ORDER denying an applicant relief on the merits of his claim see _Ex parte, Renier, 734 sw2d 349 at 353_ _(Tex. Crim. App. 1987)_; _Ex parte Crosley, 548 sw2d_

4

409 (Tex. Crim. App. 1977); Mayes v. State, 538 SW-2d 637 at 639 (Tex. Crim. App. 1976). Consequently, in the instant case "Jurisdiction was conferred upon the Court of Appeals by virtue of Tex. R. App. Proc. 44." Therefore, we conclude that the district Court had 'Jurisdiction' to hear this application according to TEX. CONST, Art. V. § 8, and although it did not issue the writ of habeas corpus prayed for, it did undertake to rule on the merits of the applicant's claim. We hold that the court of Appeals was authorized to hear this appeal under Article 44.02 V.A.C.C.P. in accordance with Tex. R. App. Proc. 44. The cause is remanded to the court of Appeals for it to consider the merits of the applicant's claim. The "Dedendant Appealed under The Proper Remedy Rule of Tex. R. App. Proc. 44.4." The court of Appeals abuse of discretion in it's Ruling on an erroneous Conclusion of the law in this case. And has decided an important question of law in a way that so conficts with the applicable decisions of the court of Criminal Appeals and the Supreme court of the united states. See Townsend v. sain, 372, U.S. 293, 312-13, 9 L Ed. 2d 770, 83 S. Ct. 745 (1963).

5

# ERROR OF COURT OF APPEALS

(2). The court of Appeals Abuse it Discretion By ruling that Appeal was untimely.

Applicant in A showing that Notice of Appeal was so Timely; "Note the court of Appeals opinion on pag (2), States the court. Now has before it appellant's, may, 11, 2015, Pro se Notice of appeal. The court, we first note that although appellant states the trial court denied his motion on April, 21, 2015," we have no record of a written order having been "[entered]"; see, EXHIBIT Attach of copy of said ORDER, so signed the 21, day of April, 2015. And April, 21, 2015, To may, 11, 2015, Is 20, days. Pursuant to Texas Rules of Appllate Procedure, Rule, 26.1.(a), The notice of appeal must be filed within 30 days after the judgment is signed. "In this case, Filed Notice of Appeal we then 20, days of the signed judgment, making it so Timely." "showing the court of Appeals factual determination and said Conclusion of untimely Notice of appeal In this case was clear Erroneous.

6

# TRIAL COURT ERRORS

Error.(1). Trial court abuse its discretion in not Appoing counsel and Holding Evidentiary Hearing.

The Defendant in a showing of Constitutional rights of Appoint counsel to represent him, In a Full and Fair Evidentiary Hearing And Discovery, To so on "Controvert Unresolved Factual Issues" of Defendant Asserted Actually Innocent, under Schlup, 115, S. Ct. 851, (1995) citing standard of Kuhlmann V. Wilson, 477, U.S 436, 106, S. Ct. 2616 (1986).

The trial court so abuse it's discretion in denins Defendant of his "Due Process Rights under the Fifth, Sixth and Fourteenth Amendments to a full and fair hearing", see, Hall V. Quarterman, 534 F.3d 365 (5th Cir. 2008); The Supreme court Held that the court must also consider whether such a hearing could enable an applicant to Prove the Petition's Factual Allegations, which, if True would Entitle defendant to relief. The defendant is so entitled to an evidentiary hearing on the issue, See Id: at; 313, 83, S. ct. at 756; Blackman V. Scott, 22 F.3d, 560, 567 & n.28 (5th Cir. 1994); (Concluding that an Evidentiary hearing on factual issues underlying a Habeas claims was required because the "State court made no Fact-Findings on the issues, see Townsend V. Sain, 372, U.S. 293, 312, 13, 9, L. Ed 2d 770, 83, S. Ct. 745 (1963).

Error (2). STATE PROCEDURAL RULE IS VOID BECAUSE IT VIOLATED CLEARLY ESTABLISHED FEDEFAL LAW:

A decision by a state court is contrary to the supreme court's clearly established law if it, "Applies a [Rule] that contradicts the law set Fort in the supreme court's cases" see williams V. Taylor, 529, U.S. 362, 402-03, 120, S. Ct. 1495, 1517-18, 146, L. Ed. 2d. 389 (200); Id, at 529 U.S. at 405-06".

In a showing that Procedural Rule is void see valdez v. Cockrell, 274 F.3d 941 (5th Cir. 2001) citing the standard of Townsen v. sain, 372. U.S 293, 313-14, 83 S.Ct. 745, 756-57, 9. L. Ed 2d. 770 (1963); Under this standard, when due proof of one or more of The (1) To (7) Townsend criteria exists, Established Due Process violation under the Fifth, Sixth and Fourteeth Amendments. In this case defendant citing, (1) (2)(5), & (7); of Townsend criteria; (1). That the merits of the factual dispute were Not Resolved in the state court paper hearing. (2). That the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing. (5). That the applicant was indigent and the state Court, in deprivation of his constitutional rights failed to appoint counsel to represent him in the state court proceeding. (7). That the applicant was otherwise denied due process of law in the state court proceeding.

Error(3). Denial of Appointment of counsel during A critical stage of habeas corpus Proceeding. The trial court so abuses its discretion, by not so Appoing counsel for full and fair hearing in violation of defendant's constitutional rights of the sixth Amendment and Art. 1, section, 10, of the Texas constitution, see Patterson V. Illinois, 487, U.S. 285, 290-91, 108, S. Ct. 2389, 101, L.Ed ad, 261 (1998). See Also Trevino V. State, 565, Sw2d 938-940 (Tex. crim. APP(1978); Trevino makes clear that a criminal Prosecution with the meaning of the sixth Amendment and Art. 1, sect. 10, of the Texas constitution, does not end with the defendant's conviction. In Trevino the defendant was denied the right to counsel on his motion for new trial." The Court Held the Proper remedy was to return the case to that Point where the defendant was denied counsel." see also Strickland V. Washington, 466 USb6B, 104, S.Ct. 2052, 8 L. Ed. 2d 674 (1984)."The supreme court wrote that "a trial court is unfaif if the accused is denied counsel at a critical stage." and that [t]he court was uniformly found constitutional error without any showing of Presudice, when counsel was either totally absent or Prevented from assisting the accused during a critical stage of the Proceeding" Id, 466 U.S. 648, 659 & n. 25, .

9

Error (4). The Fifth Amendment Right to be Heard:
The fundamental Requirement of Due Process is
the opportunity to be heard at a meaningful
time and in a meaingful manner. The State court
decision Denying defendant an Evidentiary Hearing
on Fact issue of being actually Innocent was
contrary to Clearly-established Federal law,
See Richardson V. wright, 405 U.S. 208, 219, 92, S.Ct. 788,
31 L.Ed 2d. 151 (1972) Citing, Goldberg V. Kelly, 397. U.S.
254, 90, S. Ct. 1011, 25 L. Ed. 2d 287 (1970), Stateing, The to
cross examination rests largely on "Credibility and
Veracity" i.e. where Facts are at issue.

Error (5). The Sixth Amendment Right Confrontation:
The right to crassexamine a testifying state
witness extends to any matter that could reflect
on the witness's credibility See, Davis V. Alaska,
415 U.S. 308, 315, 94, S.Ct. 1105, 1116, 39, L.Ed 2d. 347 (1974)

Error (6). Entitlement To Disevery:
Seeking to Discver Exculpatory Photograph
of The Allege Victim, Drinking champagne out of
the Bottle in white Lingerie, At the Defendant Home.
Evidence of the Taking of the Photo; See RR-5-61;
You've indicated, Defendant was taking Photo
of You with a camera? Yes. See RR-5-25; "I turned
the Bottle up. There was a Flash, He was taking
a Picture of me. See Ward V. Whitley, 21 F3d.
1355, 67 (5th Cir. 1994) Also Banks V. Dretke
124, S. Ct. 1256 (2004).

10

## CERTIFTCATE OF SERVICE

I here by Certif that a true and complete copy of the fore going Petition for Discretionary review of the cour of appeals dismissed for want of Jurisdiction. Defendant Request to resolve merits by Evidentiary Hearing and Discovery was via regular mail served on the clerk of the court of criminal Appeals of Texas at P.O. Box 12308, Capitol Station, Austin, Texas 78711. BY Applicant in this case. GARY EUGENE SIMS, signed on this the 24 day of July, 2015,          1029968

## UNSWORN DECLARATION

Under Penalty of Perjury Applicant declares that all facts Presented in Petition for Discretionary review are true and correct. Signed the 24 day of July, 2015, BY Gary Eugene Sims,

Respectfully submitted. BY GARY EUGENE SIMS At, Connally Unit 899, F.M. 632, Kenied Texas 78119.

15

**Cause Number: W00-45450-S(D)**

| | | |
|---|---|---|
| EX PARTE | § | IN THE 282ND JUDICIAL |
| GARY EUGENE SIMS,<br>Applicant | § | DISTRICT COURT |
| | § | DALLAS COUNTY, TEXAS |

## ORDER

Applicant, Gary Eugene Sims, has filed a *pro se* objection to the trial court's ruling recommending denial of Applicant's application for writ of habeas corpus without holding an evidentiary hearing. Applicant contends he is entitled to an evidentiary hearing and discovery.

The Court finds that Applicant's writ application was dismissed by the Court of Criminal Appeals January 18, 2012, and is no longer pending

**IT IS THEREFORE ORDERED** that Applicant's request for an evidentiary hearing and discovery is **DENIED.**

The Clerk of this Court is directed to forward a copy of this order to the Applicant, Gary Eugene Sims, TDCJ #1029968, Connally Unit, 899 FM 632, Kenedy, TX 78119.

SIGNED this __21__ day of April, 2015.

AMBER GIVENS-DAVIS, JUDGE
282ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

F-0045450-PS

To: Elda Olivas, 282nd, District Court Coordinator

RE: Caus No F-0045450-PS: MOTION FOR EVIDENTIARY
HEARING, DISCOVERY

FILED
2015 APR 14 AM 4:03
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

GARY EUGENE SIMS VS. THE STATE OF TEXAS

REQUEST FOR SETTING

Dear court coordinator,

I've filed a motion for an Evidentiary Hearing in cause # F-0045450-PS.

Please contact Jude, Andy Chatham and so schedule this motion for Hearing as soon as Possible, I'm proceeding Pro se, I'll need to give Testimony concerning controverted, previously unresolved facts of Asserted Actually Innocent, And call witnesses. I am Requesting to be brought before the court so I can have the opportunity to fully develope and resolve the matter, raised by this motion.

Please confer with Judge, Chatham, Andy and make the necessary arrangements.

Thank you for your Attention to this matter.

With the Utmost Respect.

GARY EUGENE SIMS # 101029968                4-8-2015

J.B. Connally Unit, 899, F.M.
632, Kenedy Tex. 78119

Exhibit #1

CAUSE NO. W00-45450-S(D)

EX PARTE                          *        IN THE 282nd

Mary Sims                         *        DISTRICT COURT

APPLICANT                         *        DALLAS COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the Applicant's confinement exist. The Court finds that each of the allegations set forth in the application are controverted, unresolved factual issues which require additional evidence and/or testimony to be resolved.

The court appoints April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

*Above appointed attorney does not represent the Applicant. Applicant is not entitled to counsel at this time.*

The Clerk of the Court is ORDERED to send a copy of this order to Applicant, or Applicant's counsel (if so represented) and to counsel for the State.

Signed this _28_ day of _September_, 2011.

_____
JUDGE

NO. F-0045450-PS

GARY EUGENE SIMS · IN THE 282nd. JUDICIAL DISTRICT

VS. :

THE STATE OF TEXAS : COURT OF DALLAS COUNTY, TEXAS

FILED
2015 APR 14 PM 4:03
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

DEFENDANT'S OBJECTION UNDER

TEXAS RULE OF APPELLATE PROCEDURE 44.4

OF TRIAL COURT'S DENYING APPLICATIONS FOR

WRITS OF HABEAS CORPUS WITHOUT HOLDING

EVIDENTIARY HEARING ON CONTROVERT UNRESOLVED

FACTUAL ISSUES ASSERTED ACTUALLY INNOCENT

AND MADE NO FACT-FINDING ON GENUINE FACTUAL

ISSUES OF ACTUAL INNOCENCE AND CONCLUSIONS

OF LAW BY THE COURT ON THE FACT AT ISSUE.

MOTION FOR EVIDENTIARY HEARING ON CONTROVERT
UNRESOLVED FACTUAL ISSUES OF ASSERTED ACTUALLY
INNOCENT, PURSUANT TO ART. 11.61; ART. 11.07.(3)(d) AND
ART. 1.051

No. F-0045450-PS

GARY EUGENE SIMS : IN THE 282nd. JUDICIAL DISTRICT

    VS.          :

THE STATE OF TEXAS   :   COURT OF DALLAS, COUNTY, TEXAS

OBJECTION TO ADVERSE RULING UNDER TEX. R. APP. P. 44, 4, OF TRIAL COURT'S DENYING WRIT OF HABEAS CORPUS WITHOUT HOLDING EVIDENTIARY HEARING

To The HONORABLE JUDGE OF SAID COURT:

Comes now EX Parte GARY EUGENE SIMS, defendant in the above styled and numbered cause makeing this Said Objection, Seeking Evidentiary Hearing, Will show unto the court the following:

"On September, 28, 2011, In the Habeas action, The trial court so ORDER DESIGNATING ISSUES" of Affirmative Evidence of Defendant asserted a claim tha he is Actually innocent, Under Schlup, 115, S.Ct. 851, (1995) citing Standard of kuhlmann V. Wilson, 477, U.S. 436, 106, S.Ct. 2616 (1986).

"The trial court state's" Having considered the applicants Application for writ of Habeas Corpus and the State's Response, The court Finds that controverted, previously unresolved Fact's, material to the Legality of the applicant's confinement Exist. Now under "TEX. R. APP. P. 44, 4 (a)(i)"; And Art. 11.05, & Art. 11.61."

## POINT OF ERRORS

One: Trial court Error's, By failure to file Required findings on the Issues.

Two: Trial court Erred by not Holding Evidentiary Hearing in determinations of credibility and veracity facts.

Three: DISCOVERY of Exculpatory Photograph of the Alleged Victim at defendant Home.

Four: Denied Due Process Rights under Fifth, Sixth and Fourteenth Amendments.

Five: Violated Clearly Established Federal law, Supreme court.

Six: Discovery of Exculpatory Picture.

2-of-8

The trial court violated, Art. 11.07, Sec. 3, (d) citing Art. 26.5) And court appoint's April E. Smith to resolve facts issues. The factfinding procedure employed by the state court was not adequate to afford a full and fair hearing. And also in deprivation of defendant constitutional right failed to appoint counsel to represent him in the state court proceeding. Due Process requires a hearing. The denial

of a full and fair hearing denied defendant of his Due Process Rights under the Fifth, Sixth and Fourteenth Amendments to a full and fair hearing in a court of law on the issue of actually innocent, Pursuant to Tex. Code Crim. Proc. Ann. ch. 11, contemplates an evidentiary hearing with live testimony that is most likely subject to the rules of evidence, Tex. Code Crim. Proc. Ann. Art. 11.48 (2005), States that proof shall be heard accordingly, both

for and against the applicant for relief, Tex. Code Crim. Proc. Ann. Art. 11.44, directs a court to proceed according to the facts and circumstances after it has heard the testimony offered on both sides. Citing EX Parte Franklin V. State, Tex. APP. 9th, Dist. Beaumont, 310 SW3d 918, LEXIS, 3350, 2010, See, Hall V. Quarterman, 534 F.3d 365 (5th Cir. 2008); The Supreme court held that the court must also "consider whether such a hearing could enable an applicant to prove the Petition's factual allegations, which, if true, would entitle the applicant to relief. The applicant is entitled to an evidentiary hearing on the issue, See id. at 313, 83, S. Ct. at 756; Blackman V. Scott, 22 F3d 560, 567 & n. 28 (5th Cir. 1994) (Concluding that an evidentiary hearing on factual issues underlying a habeas claims was required because the State court made no "fact-findings on the issues" see Townsend V. Sain, 372 U.S. 293, 312-13, 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963).

In a showing that trial court abuses its discretion in not holding an evidentiary hearing, violated, Tex. code Crim. Proc. Ann. Art. 11.61, Art. 11.07. Sec. (3)(d); & Art. 1.05 "And trial court decision was contrary to clearly Established Federal law as detemined by the Supreme Court," see Valdez V. Cockrell 274 F3d 941 (5th cir. 2001), Citing the (1) To (7) Standard of Townsend V. sain, 372 U.S. 293, 313-14, 83, S. Ct. 745, 756-57, 9 L. Ed. 2d 770 (1963). Id. 274 F3d 963

(1) That the merits of the factual dispute were Not resolved In the state court hearing. [Trial court violated] (2); That the factfinding Procedure employed by the state court was not adequate to afford a full and fair hearing. (5); That the applicant was an indigent and the State court, in deprivation of his constitutional rights failed to appoint counsel to represent him in the state court Proceeding. (7); That the applicant was otherwise denied due Process of law in the state court proceeding." In Federal court, when due Proof of such factual determination has been made, unless the said existence of one or more of the circumstances respectively set forth in paragraphs (1) To (7), or Inclusive is shown by the applicant, Under Townsend, 372 U.S. 293, 83 S. Ct. 745 (1963)

The fundamental requirement of Due Process is the opportunity to be heard at a meaningful time and in a meaningful manner. The state court decision denying defendant an Evidentiary Hearing on Fact Issue of being actually innocent was contrary to clearly-established law federal law.

The state court's decision to deny defendant the right to confrontation and cross examination in determining whether he was Actually Innocent under Schlup, 115, S. Ct. 851 (1995), Citing Kuhlmann V. Wilson, 477, U.S. 436, 106 S. Ct. 2616 (1986), "was contrary to clearly-established federal" law and looking to federal law of due process and the

Right of cross examination and confrontation as announced by the supreme court, I am perucided that the relevant law is clear, and dictates the conclusion that the state court's decisional process was so to this clearly-established law. The life sentence of a defendant, determined without evidentiary hearing cross

examination to resolve disputed material facts, here violates the core principles of due process and SIMS's right of confrontation as announced by the supreme court. The Facts disputed to resolve in this case are credibility and veracity of the state's only witness the alleged victim. "The supreme court state's there is nothing new here this court has consistently held that evidentiary hearing are essential for determinations of credibility", see

Richardson V. Wright, 405 U.S. 208, 219, 92, S. Ct. 788, 31, L. Ed 2d 151 (1972) (Brennan, J. dissenting) (Citing Goldberg V Kelly, 397 U.S. 254, 90, S. Ct. 1011, 25 L. Ed 2d 287 (1970) (The right to cross examination rests largely on "credibility and veracity", i.e., where "facts are at issue").

## "Unresolved Facts of Innecence" Affecting Witness's Credibility"

Defendant argues that an Evidentiary Hearing as a Sixth Amendment Right to the United States Constitution Guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. U.S. CONST. amend. VI; Davis V. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39, L.Ed 2d. 347 (1974); see also Rankin V. State, 41 SW3d 335, 344 (Tex. App.-Fort Worth, 2001 pet. refd.). The right of confrontation "encompasses more" than the opportunity to physically confront the witnesses, Davis, 415. U.S. at 315, 94 S.Ct. at 1110. A primary interest secured by the Confrontation Clause is the right of cross-examination Id, 94 S.Ct. at 1110. Cross-examination is the principal means by which the believability of a witness and the truth of her testimony are tested, Id. at 316, 94, S.Ct. at 1110. The cross-examiner not only is permitted to delve into the witness's story to test the witness's perceptions and memory, but also is traditionally allowed to impeach, i.e. discredit the witness, Id, Hence, the right to cross-examine a testifying state witness extends to any matter that could reflect on the witness's credibility, Virts V. State, 739 SW 2d 25-28,29 (Tex. Crim. App. 1987). "This includes impeaching the witness with relevant evidence that might reflect bias, interest, prejudice, inconsistent statements, traits of character affecting credibility, or evidence that might go to any impairment or disability affecting the witness's credibility, Id at 29; Rankin 41, SW 3d at 345; Alexander V. State, 949 SW2d 772, 774-75 (Tex. App. Dallas, 1997, pet. ref'd)." "The trial judge should allow the accused great latitude to show any relevant fact that might tend to affect the witness's credibility, Virts, 739, SW 2d at 29; Koehler V. State 679 SW2d 6, 9 (Tex. Crim. App. 1984).

See Thomas V. State 225, SW3d 513 (Tex. Crim. App. 2007), under Tex. R. App. P. 44.4 (a) (1), By contrast is designed to effect the creation of a new record, when a trial court has-erroneously withheld information necessary to evaluate a defendants claim on appeal (e.g. failure to file required findings of fact) or has prevented the defendant from submitting information necessary to evaluate his claim (e.g. refusing to permit an offer of proof of being Actually Innocent.

## ENTITLEMENT TO DISCVERY

See, Goodwin V. Johnson, 132 F3d 162 (5th. Cir. 1998), Id. 178. "when there is a factual Dispute [that] if resolved in the defendants favor, would entitle [him] to Relief, He is entitled to Discovery and Evidentiary Hearing, See Perillo V. Johnson, 79 F3d 441, 44, 5th cir. 1994) (Quoting, Ward V. Whitley 21 F3d 1355, 67 (5th cir. 1994)(alterations in original).

Seeking to Discver Exculpatory evidence Photograph of Amanda mitchell The Allege Victim, Drinking Champagne out of the Bottle in white Lingerie At the Defendant Home. Evidence of the Taking of the Photo; See RR-5-61; You've Pndicated, Defendant was taking Photo of you with a camera? Yes. See RR-5-25 "I turned the Bottle up, There was a Flash, He was taking a Picture of me." Picture showing NO Physical-Violence, Impeaching the Alleged Victim Testimony from RR-5-22-26; To Be False Testimony that win she FIRST Got to defendant Home she was beat down." See Banks V. Dretke 124 S.ct. 1256 (2004).

## CERTIFICATE OF SERVICE

I here by certif that a true and complete copy of the fore going, motion for Evidentiary Hearins was vpa regular mail served upon the District clerk of Dallas county At 133 North Riverfront, LB-12, Dallas Texas, 75207-4313

BY GARY EUGENE SIMS, Defendant in this cause. #1029968

## UNSWORN DECLARATION PURSUANT TO U.S.C.1746

Defendant under the Penalty of Perjury Declares that all Facts Presented in Document are true and correct.

Signed this day by GARY EUGENE SIMS, on this the __8__ day of April, 2015

#1029968

At J.B. Connally Unit
899 F.M.632, Kenedy, Tex. 78119

8-of-8

IN THE COURT OF APPEALS
FIFTH DISTRICT OF TEXAS AT DALLAS

GARY EUGENE SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

ON APPEAL FROM THE 282nd JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS, TRIAL COURT NO. F00-45450-S

PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE
RULE, 64, MOTION FOR REHEARING EN BANC

APPELLANT REQUEST AN EN BANC REHEARING

## EXHIBIT ATTACH

(1). COPY of Order that the court did not entered.

(2). Request for setting.

(3). Objection, under Texas Rule of APP. Proc. 44.4.

(4). COPY of motion for Evidentiary Hearing
and Discovery.

(5). This court have my case History Wrong
See Exhibit of case History.

(6). Affidavit concerning case History.

TO THE HONORABLE JUDGE OF SAID COURT:
Now comes EXPARTE, GARY EUGENE SIMS,
Appellant In the above styled and numbered
case makeing this said motion for En Banc
Reconsideration of Rishs to Appeal said Order.

This Honorable court, state's we first note that
although appellant states the trial court denied
his motion on April 21, 2015, we have no record
of a written Order having been entered.
"See EXHIBIT OF ORDER ATTACH TO MOTION"
"The Trial court Is Playing Dirty Pool", That is
so prejudice the substantial Right of the
Appellant by violated a duty Impesed by law
By not so Entering the ORDER on Record.

## JURISDICION OVER POST-CONVICTION WRITS OF HABEAS CORPUS

See, EX Parte, Villanueva, 252, SW3d, 391(Tex.Crim.App2008)

Background: Applicant sought writ of habeas
corpus. The 398th District court, Hidalgo County,
Aido Salinas Flores, J. Summarily denied the said
application, as beins frivolous. Applicant appealed.
The corpus christi-Edimburg court of Appeals, 2006
WL 2382767, dismissed the appeal, based on
lack of Jurisdiction. Discretionary review was
Granted.

Holding: The court of criminal Appeals, Keasler, J. held that an order of a district court summarily denying, as frivolous, an application for writ of Habeas corpus seeking relief from an order or Judgment of conviction ordering community supervision in a felony or misdemeanor case "is appealable."

See 252 SW3d 391, I.D. 94; Article 1 section 12, To the Texas constitution commands: "The writ of Habeas corpus is a writ of right, and shall never be suspended." It further directs the Legislature to "enact laws to render the remedy speedy and effectual" Article V, section 8, to the Texas constitution confers district courts with "exclusive, appellate and original Jurisdiction of all actions, proceedings, and remedies. Also see Ex parte Hargett 819, SW2d 866 (Tex. Crim. App. 1991) Appeal can be had from district court order denying applicant for Habeas corpus relief on merits of his claim. Vernon's Ann. Texas Const. Art. 5, §8; Vernon's Ann. Texas C.C.P. art. 44.02, and Texas Rules of App. Proc. Rule 44.

## CERTIFICATE OF SERVICE

I here by certif that a true and complete copy of the fore going motion for Rehearing was via regular mail served upon the District Clerk of The Fifth Court of Appeals at 600 Commerce St. Dallas Texas 75202. BY GARY EUGENE SIMS, Appellant in this case.

_____ #1029968 _____

## UNSWORN DECLARATION PURSUANT TO U.S.C. 1746

Appellant under the Penalty of Perjury Declares that all Facts Presented in Document are true and correct. Signed this day by GARY EUGENE SIMS on this the _15_ day of June 2015.

GARY EUGENE SIMS
T.D.C.J. I.D. # 1029968
Connally Unit
Kenedy Tex. 78119

EX PARTE
GARY EUGENE SIMS :     IN THE 282nd JUDICIAL
     VS.               DISTRICT COURT
THE STATE OF TEXAS :   DALLAS COUNTY, TEXAS
                 :

OBJECTION TO ORDER DENIED MOTION FOR AN
EVIDENTIARY HEARING AND DISCOVERY ON THE
CONTROVERT UNRESOLVED FACTUAL ISSUES OF
APPLICANT ASSERTED A CLAIM ACTUALLY INNOCENT,
PURSUANT TO ART. 11.61; 11.07.(3)(d); 1.051; 11.48 & 11.44.

To The HONORABLE JUDGE OF SAID COURT:
COMES NOW EX Parte GARY EUGENE SIMS, Applicant in
the above styled and numbered cause makeing
this said objection to the trial court's, Denied said
Evidentiary Hearing and Discovery, Will show unto
the court the following:
"On September, 23, 2011, In Habeas action, The trial
court so ORDER DESIGNATING ISSUES of Facts of
Affirmative Evidence of Defendant Asserted a claim
that He is Actually Innocent, Under Schlup, 115,
S.Ct. 851 (1995), Citing standard of Kuhlmann V. Wilson, 477
U.S. 436, 106, S.Ct. 2616 (1986)", The trial court Finds
that controverted, Previously unresolved Fact's
material to the Legality of the Applicant confin-
ement Exist. See Exhibit-1.

Under the Proper Remedy Rule, of Tex. R. App. P. 44.4 (a)(1)(2), Provides.(1) The trial court's erroneous action failure to act, prevents the proper presentation of the cause to the court of appeals. see Thomas V. State 225 SW2d 513 (Tex. Crim. App. 2007), "stated we have applied this Rule to a trial court's refusal to Permit a defendant to make an offer of proof." "In this case it is Proof of Actually Innocent". And under this Rule, "A trial court's Failure to make finding's of fact that it was so required by law to make." see, Goodwin V. Johnson 132 F3d 162, 183, (5th. Cir 1998), citing, Town send V. sain, 372, U.S. 293, 312-13, 9 L. Ed. 2d 770, 83, S. Ct. 745 (1963), "As such, when the state court did not resolve a fact issue that would entitle the Petitioner to relief if resolve in his favor, the Petitioner is entitled to an Evidentiary hearing on the issue. see id. at 313, 83, S. Ct. at 756;" Blackmon V. scott, 22 F. 3d 560, 567 & n. 28 (5th. Cir. 1994) "(concluding that an evidentiary hearing on factual issues underlying a habeas Petitioner claims was Required because the state court made no fact-findings on the issues)".

By this the trial court violated clearly Established Federal law. "A decision by a state court is contrary to the supreme court's clearly established Law if it." "Applies a Rule that contradicts the Law set fort in the supreme court's cases, see Williams V. Taylor, 529, U.S. 362, 402-03, 120, S. ct. 1495, 1517-18, 146 L. Ed. 2d 389 (2000) Id: 529 U.S. at 405-06."

Applicant in a showing of trial court's refusal to permit him "to make an offer of proof" in his Factual issues of Actually innocent under Schlup, 115, S. Ct. 851 (1995) citing standard of Kuhlmann V. Wilson, 477, U.S. 436, 106, S. Ct. 2616 (1986) was in Violation, Schlup, Kuhlmann, And violation of Applicants Fifth, Sixth and Fourteenth Amendments to A full and fair hearing in a court of law on issue of Actually Innocent. See Hall V. Quarterman 534 F3d 365, 386 (5th Cir. 2008). And Hall is a similar case with Previously unresolved fact issues. That [t]he fundamental requirement of due Process is the opportunity to be heard in a meaningful manner. The court Held that Due Process requires a hearing. IN A SHOWING OF THAT STATE COURT violated clearly Established Federal law:

(1) In Violation of Townsend V. Sain, 372, U.S. 293, 312-13, 9 L. Ed. 2d 770, 83, S. Ct. 745 (1963), By not giveing Applicant a full and fair hearing, And findings of Fact on the issues.

(2) In Violation of Davis V. Alaska, 415 U.S. 308, 315, 94 S. Ct. ~~1105~~ 1105, 1110, 39, L. Ed 2d 347 (1974). The right of confrontation encompasses more. under Davis the sixth Amen. right of cross-examination, disability affecting witness credibility.

(3) In Violation of Richardson V. Wright, 405 U.S. 208, 219, 92, S. Ct. 788, 31, L. Ed 2d 151, (1972) citing Goldberg V. Kelly, 397 U.S. 254, 90, S. Ct 1011, 25 L Ed 2d 287 (1970) The right to cross examination rests largely on credibility and veracity "i.e. where "Facts are at issue", one's Fifth Amen. Right to be heard.

(4). In violation of, <u>Strickland V. washington,</u> <u>466 U.S.668,104,S.Ct.2052,80L.Ed 2d 674(1984).</u> Appellant refers to the statement in, Strickland That "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice,466 U.S.668, 692; Also cites United States V. Cronic, where the supreme court wrote that "a trial court is unfair if the accused is denied counsel at a critical stage" and that "[T]he court has uniformly found constitutional error without any showing of prejudice, when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding" <u>466 U.S.648,659 & n.25).</u>

(5). In violation of, <u>Patterson V. Illinois,487.U.S.</u> <u>285,290-91,108,S.Ct.2389,101L.Ed.2d 261(1998].</u> see Also <u>Trevino V. State,565 SW2d 938,940(Tex.</u> <u>Crim. App. 1978)</u> Trevino makes clear that a criminal prosecution within the meaning of <u>the sixth Amendment and Art.1,Section,10,of</u> the texas Constitution, does not end with the defendant's conviction, In Trevino the defendant was denied the right to counsel on his motion for new trial."The cour Held the Proper Remedy was to Return the case to that Point where the defendant was denied counsel".

## CERTIFTCATE OF SERVICE

I here by certif that a true and complete copy of the fore going Objection to Order Denied motion for an Evidentiary Hearing was via regular mail served on the District clerk of Dallas Texas, 75207-4313. BY APPLICANT in this case, GARY EUGENE SIMS. Signed on this 6 day of may 2015. _____

## UNSWORN DECLARATION

under penalty of perjury APPlicant declares that all facts presented in objection are true and correct.

signed the 6 day of may 2015. BY GARY EUGENE SIMS. _____

T.D.C.J. #1029968

Respectfully submitted, BY GARY EUGENE SIMS
J.B. Connally unit 899, F.M. 632, Kenedy Texas 78119.

**Dismissed and Opinion Nunc Pro Tunc Filed June 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00665-CR

### GARY EUGENE SIMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0045450-S**

# MEMORANDUM OPINION NUNC PRO TUNC
Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Gary Eugene Sims was convicted of aggravated sexual assault and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App.—El Paso July 11, 2002, pet. ref'd) (not designated for publication).[1] This Court dismissed for want of jurisdiction appellant's pro se appeal from the trial court's orders denying certain post-conviction motions both because his notice of appeal was untimely as to the orders and because the orders were not appealable. *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607 (Tex. App.—Dallas Nov. 18, 2014, no pet.) (not designated for publication).

---

[1] The appeal was transferred from this Court to the Eighth District Court of Appeals at El Paso pursuant to a Texas Supreme Court docket equalization order.

The Court now has before it appellant's May 11, 2015 pro se notice of appeal asserting the appeal is from the trial court's order denying him an evidentiary hearing. His notice of appeal is titled "Notice of Appeal of Motion for an Evidentiary Hearing and Discovery." We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. P. ANN. art. 44.02 (West 2006) (right of appeal for defendant). Appellate courts may consider appeals by criminal defendants only after the conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

We first note that although appellant states the trial court denied his motion on April 21, 2015, we have no record of a written order having been entered. Moreover, the documents before the Court reflect that the hearing appellant seeks is related to a collateral attack on his final felony conviction, which must be brought by post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. P. ANN. art. 11.07, §§ 1, 5 (West Supp. 2014). This Court does not have jurisdiction over post-conviction writs of habeas corpus from final felony convictions, nor does it have jurisdiction over an appeal of individual orders entered in regards to such proceedings. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07, § 5 (West 2005 & Supp. 2014); *Ex parte Alexander*,

685 S.W.2d 57, 60 (Tex. Crim. App. 1985). Because appellant is not appealing a matter over which we have jurisdiction, we have no authority to take any action except to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523.

We dismiss the appeal for want of jurisdiction.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
150665F.U05

GARY EUGENE SIMS #1029968
Connally Unit, 899 Fm. 632
Kennedy, Tex. 78119

CLERK OF COURT OF CRIMINAL
APPEALS OF TEXAS, P.O. BOX
12308, CAPITOL STATION
AUSTIN, Tex. 78711